# In the
# United States Court of Appeals
## For the Seventh Circuit

FEBRUARY 2, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*
RICHARD A. POSNER, *Circuit Judge*
JOEL M. FLAUM, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
DIANE P. WOOD, *Circuit Judge*
TERENCE T. EVANS, *Circuit Judge*
ANN CLAIRE WILLIAMS, *Circuit Judge*
DIANE S. SYKES, *Circuit Judge*
JOHN DANIEL TINDER, *Circuit Judge*

No. 06-3278

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Plaintiff-Appellant,*

v.

LEE'S LOG CABIN, INCORPORATED,

*Defendant-Appellee.*

2                                                          No. 06-3278

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05 C 507—**Barbara B. Crabb**, *Chief Judge.*

---

The slip opinion issued on October 6, 2008, is AMENDED to add the following language at the end of footnote 4 on page 12:

> We caution that nothing in this opinion should be read to suggest that the EEOC's complaint failed to state a claim; we hold only that the district court was within its discretion to refuse to permit a change in the claim under the procedural circumstances of this case.

Otherwise, on consideration of the petition for panel rehearing and for rehearing en banc, a majority of judges have voted to deny rehearing.* Circuit Judges Rovner, Wood, Evans, and Williams voted to grant en banc rehearing.

It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED.

---

* Circuit Judge Williams has written an opinion, which Judges Rovner, Wood, and Evans have joined, dissenting from the denial of the petition.

No. 06-3278                                                    3

WILLIAMS, *Circuit Judge*, joined by ROVNER, WOOD, and EVANS, *Circuit Judges*, dissenting from the denial of rehearing en banc. I do not think that the EEOC ever changed its claim in this case. It alleged that a restaurant improperly refused to hire a young woman "because it learned she was HIV positive" and then submitted evidence that she had "AIDS" to prove she was disabled enough for ADA protection. The EEOC was punished for doing so (its sanction was that critical evidence was stricken, leaving a fictitious "evidentiary void"), because the district court thought switching the disability from HIV (in the complaint) to AIDS at the summary judgment stage was a "gross departure from what [the EEOC] alleged." Notwithstanding the uncontroverted fact that AIDS is just another name for the last stage of HIV, the majority affirmed the district court's ruling that the EEOC "refashion[ed] its claim as one based on AIDS rather than HIV."

In my view, our treatment of this case raises serious questions about our approach to ADA cases involving complex disabilities. Given the procedural circumstances of this case, where the majority relies on a purported disconnect between the complaint and the evidence submitted at the summary judgment stage rather than discovery violations, I think this case merits rehearing en banc.

To sum up the case very briefly: Korrin Stewart, who was 18 years old at the time, applied for a position as a waitress at Log Cabin. A manager at the restaurant discovered she was infected with HIV and wrote "HIV +" in

Case: 3:05-cv-00507-bbc   Document #: 42   Filed: 02/03/09   Page 4 of 9
Case: 06-3278   Document: 33   Filed: 02/02/2009   Pages: 9

4                                                          No. 06-3278

large capital letters across her application. The restaurant did not hire Stewart. The EEOC filed a complaint alleging that Log Cabin refused to hire Stewart "because it learned she was HIV positive." At the summary judgment stage, the EEOC submitted evidence that Stewart's condition (which the affidavits refer to as "AIDS" or "HIV/AIDS") substantially limits one or more of her major life activities. The district court acknowledged that Stewart's disease caused serious limitations on a number of major life activities, including self-care, eating, and reproduction. But the district court struck the affidavits on the basis of its judgment that a disability claim based on AIDS is a "gross departure" from a claim based on "being HIV positive." The EEOC's evidence only pertained to the "AIDS claim," reasoned the court, and could not be considered towards the "HIV claim." Because the court could find no evidence that HIV (*rather than AIDS*) substantially impaired any of Stewart's major life activities, it granted summary judgment to Log Cabin.

The majority opinion affirmed the district court on two grounds that are problematic to me and merit en banc consideration. First, by holding that the EEOC failed to give adequate notice to Log Cabin when its complaint alleged that Stewart was HIV positive (rather than specifying that her HIV had advanced to the AIDS stage), the majority imposed a higher pleading requirement for litigants with multi-stage disabilities. Although this case was not decided on a Rule 12(b)(6) motion, the EEOC was not allowed to rely on evidence regarding Stewart's disability (AIDS) for the sole reason that its complaint alleged only "HIV positive." Second, the major-

No. 06-3278                                                    5

ity created a specific knowledge requirement in situations involving employers who are aware of a disability but are not aware of the actual extent of that disability.

I begin with the latter problem. The majority would require an employer to know the extent to which a job applicant is disabled in order to be held liable for making decisions based on that disability. Slip op. at 12, n.4 (speculating that the reason the EEOC did not plead AIDS in its complaint is that there was no evidence Log Cabin was aware Stewart had AIDS, which provided another basis to affirm summary judgment). There is no dispute that Log Cabin knew Stewart was HIV positive—indeed someone at Log Cabin wrote it across her job application in large black letters. But Log Cabin maintained (and reiterates in its answer) that it did not know Stewart's HIV had progressed to the AIDS stage and argued that it could not be held liable under the ADA for taking an adverse action against an individual when it had no knowledge of her disability. By holding that Log Cabin's lack of knowledge regarding Stewart's AIDS diagnosis provided an alternative basis for summary judgment, the majority created a specific knowledge requirement that goes beyond our holding in *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995) and conflicts with the D.C. Circuit's holding in *Adams v. Rice*, 531 F.3d 936, 953-54 (D.C. Cir. 2008).

Certainly an ADA plaintiff must demonstrate a causal connection between an employer's adverse action and its knowledge of her disability. *Hedberg*, 47 F.3d at 932. In *Hedberg*, however, the employer had no knowledge what-

6                                              No. 06-3278

soever that the plaintiff was even ill when it decided to discharge him. *See id.* ("At the most basic level, it is intuitively clear when viewing the ADA's language in a straightforward manner that an employer cannot fire an employee 'because of' a disability unless it knows of the disability. If it does not know of the disability, the employer is firing the employee 'because of' some other reason.").

An important question is whether an employer must know how far advanced a disability has progressed to be liable under the ADA. The majority says yes, but I do not think the ADA imposes such a requirement. *Cf. Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 520 (7th Cir. 2003) ("[L]iability for disability discrimination does not require professional understanding of the plaintiff's condition. . . . It is enough to show that the defendant knew of symptoms raising an inference that the plaintiff was disabled."). Recently, the D.C. Circuit considered this very question at length in *Adams v. Rice* and held that "it makes no difference whether an employer has precise knowledge of an employee's substantial limitation; as in [*Bragdon v. Abbott*, 524 U.S. 624, 641-42 (1998)], it is enough for the employer to know about the impairment." 531 F.3d at 953.

In my view, the majority's requirement creates an insurmountable hurdle for ADA plaintiffs with complex disabilities. The ADA protects people with disabilities from employers who do not understand the precise nature of their disabilities. I think it is fair to say that most employers who discriminate on the basis of a disability

No. 06-3278                                                              7

are ill-informed about that disability. Why should an employer's ignorance about a disease (especially a complicated one like HIV, which has many stages and different names) shield that employer from liability? *See, e.g., Adams*, 531 F.3d at 954 ("creating a knowledge requirement in situations involving pure discrimination would shield the most ignorant, irrational, and prejudiced employers—precisely the kinds of employers Congress intended the Act to reach.").

The majority's holding that the EEOC's complaint failed to provide adequate notice to Log Cabin creates a new burden as well. The majority faults the EEOC on two counts regarding notice: the EEOC's complaint "gave notice that its ADA claim was grounded on discrimination because she was HIV positive, *not* because she had AIDS," slip op. at 9, and the EEOC did not state that Stewart's AIDS was the "actual basis for the discrimination alleged in the case," *id.* at 10. The majority opinion creates a requirement that an ADA plaintiff must plead specific facts regarding her disability, including its stage if the disease consists of multiple stages. A plaintiff who fails to do so (as the EEOC did here by alleging that Stewart was HIV positive and not specifying that she had AIDS) risks losing her lawsuit at the summary judgment stage. That is what happened here, where the EEOC was punished for submitting evidence regarding AIDS when its complaint alleged that Stewart had HIV. Even though AIDS is merely a stage of HIV (Stewart's disability can be characterized as "being HIV positive" at all times regardless of its exact stage), the majority held that the EEOC had not provided sufficient notice to Log Cabin to be able to rely on this evidence.

This, to me, is inconsistent with our case law regarding general notice pleading standards. We have reiterated that a complaint "need not set out either legal theories or comprehensive factual narratives." *Rapid Test Products, Inc. v. Durham School Services, Inc.*, 460 F.3d 859, 860 (7th Cir. 2006) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Rather, all EEOC was required to do was plead its grievance. That it did: it alleged that "Log Cabin refused to hire Stewart because it learned that she was HIV positive." The exact stage of HIV is a detail—and an irrelevant one at that. The EEOC's grievance is with Log Cabin's action, which is illegal if it was in fact based on her HIV. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

Based on this purported lack of notice, the majority upheld the district court's decision to strike evidence regarding Stewart's disability (AIDS) as manifestly reasonable because the EEOC refashioned its claim (by submitting evidence regarding AIDS at the summary judgment stage when its complaint referenced only HIV). As I explained in my dissent, the majority's premise that a claim based on HIV is factually different from a claim based on AIDS is inconsistent with scientific and medical experience. The amicus briefs point out that there is no scientifically or medically recognized "bright line distinction" between HIV and AIDS, and the two terms are often used interchangeably or simply referred to as "HIV/AIDS." The majority responds that "the physical effects of AIDS are different—more severe—than those associated with being HIV-positive." Not according to the

No. 06-3278 9

Supreme Court, which noted in *Bragdon* that "During [the AIDS] stage, the clinical conditions *most often associated with HIV*, such as pneumocystis carninii pneumonia, Kaposi's sarcoma, and non-Hodgkins lymphoma, tend to appear." 524 U.S. at 636. And not according to medical experience. The amici assert that the term "AIDS" is scientifically meaningless because not all persons diagnosed with AIDS have the same symptoms and with the advent of antiretroviral therapy, some patients are able to reverse the disease's progress but retain the AIDS diagnosis anyway. The district court's approach, as I explained further in my dissent, conflicts with the Supreme Court's instruction in *Bragdon* that although "HIV infection satisfies the statutory and regulatory definition of a physical impairment at every stage of the disease," courts should make disability determinations based on individualized circumstances. 524 U.S. at 637. It also is inconsistent with the Court's instruction in *Sutton v. United Air Lines* that disabilities should be evaluated on an individualized basis rather than on generalizations derived from the name of a disease alone. 527 U.S. 471, 483 (1999).

I think the majority's holding creates problems for victims of discrimination who suffer from HIV and other complicated diseases with multiple stages. For these reasons, as well as those in my dissenting opinion, I respectfully dissent from the denial of the petition for rehearing *en banc*.